UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL KLEVAR CALDERON-COCA (A-221-492-406), | No.  2:26-cv-0720 DAD CSK |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | |
| Respondent. | |

Petitioner Joel Klevar Calderon-Coca (A-221-492-406) is an immigration detainee, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and also filed a motion for temporary restraining order.  (ECF Nos. 1, 2.)  For the following reasons, this action should be dismissed as moot.

I.      PROCEDURAL AND FACTUAL BACKGROUND

Petitioner is a 25 year old native and citizen of Ecuador who has lived in the United States for more than two years.  (ECF No. 1 at 4.)  After leaving a court appearance on charges pending in state court, petitioner was detained for the first time by immigration officials on January 8, 2026.  (Id.; ECF No. 6-1 at 2 (Form I-213).)  In the petition, petitioner argues that his prolonged detention without a hearing violates the Immigration and Nationality Act and his right to due

1

process under the Fifth Amendment.  (ECF No. 1 at 8-9.)  As relief, petitioner seeks immediate release or a bond hearing.  (Id. at 9.)

On March 11, 2026, the district court converted petitioner's motion for temporary restraining order to a motion for preliminary injunction, and ordered respondent to provide petitioner a bond hearing within ten days.  (ECF No. 7.)  On March 12, 2026, this Court ordered petitioner to file any traverse or reply within ten days, and advised that pro se parties should keep the court apprised of current addresses at all times.  (ECF No. 8.)  On March 23, 2026, respondent filed a status report confirming petitioner received a bond hearing, and provided a copy of the immigration judge's decision to deny bond based on findings and petitioner is a danger to the community and a flight risk.  (ECF Nos. 9, 9-1.)

On April 20, 2026, respondent filed a motion to dissolve the district court's no transfer / no removal order and to dismiss this action as moot.  (ECF No. 10.)  Respondent provided evidence that on March 24, 2026, an immigration judge found petitioner is removable/ inadmissible, had made no application for relief from removal under 8 C.F.R. § 1240.11, and both petitioner and the Department of Homeland Security ("DHS") waived appeal.  (ECF No. 10-1.)  Thus, the immigration judge's order became a final order of removal.  (ECF No. 10 at 2 (citing 8 U.S.C. § 1101(a)(47)(B)(2); 8 C.F.R. § 1003.39).)  Further, DHC has obtained travel documents for petitioner.  (ECF No. 10-2.)

On April 22, 2026, the district court granted respondent's motion to dissolve and dissolved the order that required respondent not to transfer or remove petitioner (ECF No. 4), and referred the motion to dismiss to this Court.  (ECF No. 11.)  On April 24, 2026, petitioner filed a motion for immediate release, seeking humanitarian release or an order compelling his immediate removal to Ecuador due to petitioner's deteriorating mental health and medical issues.  (ECF No. 12.)  On April 27, 2026, the district court ordered respondent to address petitioner's motion, construed as a motion for temporary restraining order.  (ECF No. 13.)  On April 30, 2026, respondent filed an opposition, stating that after the district court lifted its no transfer order, petitioner was put on a manifest for a flight to Ecuador, and on April 27, 2026, petitioner was transferred to a holding facility in El Paso, Texas, and as of April 30, 2026, petitioner was en

route to a staging facility in Oakdale, Louisiana.  (ECF Nos. 14 at 1, 14-1.)  Respondent anticipates that petitioner will be put on the next ICE air flight to Ecuador which is anticipated to occur in the first week of May.  (ECF No. 14 at 1.)  On May 1, 2026, the district court denied petitioner's request for temporary restraining order, and re-referred respondent's motion to dismiss to this Court for further proceedings.  (ECF No. 15.)

According to the government's official DHS United States Immigration and Customs Enforcement Online Detainee Locator System website, as of May 4, 2026, petitioner is currently held in the Central Louisiana ICE processing center.[1]  See https//locator.ice.gov/odis.  Petitioner did not file an opposition to respondent's motion to dismiss, or a traverse/reply.  (See Docket.)

## II.    DISCUSSION

Respondent argues that because petitioner already received the alternative relief he sought in his habeas petition, the court should dismiss the petition as moot.  (ECF No. 10 at 2.) Petitioner did not file an opposition to the motion.  (See Docket.)

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition."  Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  In his habeas petition, petitioner sought immediate release or a bond hearing as relief for his prolonged detention.  (ECF No. 1.) Petitioner received a bond hearing on March 18, 2026.  (ECF No. 9-1.)  Petitioner has identified no remaining collateral consequences.  Therefore, this habeas petition no longer presents a live controversy and is dismissed as moot.  See Abdala, 488 F.3d at 1064; see also Flores-Torres v. Mukasey, 548 F.3d 708, 710 n.3 (9th Cir. 2008) (dismissing as moot a challenge to immigration detention without a hearing because the petitioner had subsequently received a hearing); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested

---

[1]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  The U.S. Immigration and Customs Enforcement department maintains an Online Detainee Locator System and its website is an official website of the DHS of the United States Government.  The address of this official website is https//locator.ice.gov/odis.

release from custody and had been released, the court could provide no further relief and the petition was properly dismissed).  Because petitioner received the relief sought in his petition, this Court recommends that respondent's motion to dismiss the petition as moot be granted.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   Respondent's motion to dismiss (ECF No. 10) be granted.

2.   Petitioner's application for a writ of habeas corpus be dismissed.

3.   The Clerk of the Court is directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 5, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cald0720.157.2241.imm.M